## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES MUELLER, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| SIRIUS XM RADIO INC. | |
| Defendant. | |

Plaintiff James Mueller ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Sirius XM Radio Inc. ("Sirius" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; and (2) obtain redress for all persons injured by its conduct.

## <u>NATURE OF THE ACTION</u>

1. This is a class action against Sirius XM Radio Inc. for its widespread, pervasive violations of the TCPA.

2. Between July and August 2020, Defedant made numerous robocalls to Plaintiff on his cellular telephone in order to sell him satellite radio services. All of these calls were made using an ATDS. Plaintiff did not give Sirius prior express written consent to make these calls. In fact, Plaintiff's phone number has been listed on the National Do Not Call Registry since March 21, 2017.

3.      Plaintiff has received numerous calls from the same defendant numbers. He has picked up several of them, most of which have been dead calls or quickly dropped calls. On August 11, 2020, Plaintiff picked up a call from Defendant where, after a brief silence and a click, either a live agent or pre-recorded voice identified the caller as Defendant Sirius XM. The numerous impersonal calls from multiple numbers also indicates that Defendant was using an autodialer to contact Plaintiff.

4.      The following chart shows each date and time that Defendant called Mr. Mueller on his cellular telephone number:

### Defendant's Calls to Plaintiff

| Date | Number Calling |
|------|----------------|
| 7/24/2020 | (201) 335-1933 |
| 7/31/2020 | (201) 335-1565 |
| 8/6/2020 | (201) 335-1640 |
| 8/7/2020 | (201) 335-1643 |
| 8/8/2020 | (201) 335-1681 |
| 8/11/2020 | (201) 335-1933 |

5.      Plaintiff is not a customer of Defendant.  Plaintiff signed up for a free trial with SiriusXM on May 13, 2020, but that free membership has long since expired and was never renewed or converted into an actual membership.

6.      Plaintiff never provided express written consent to be called by Defendant.

7.      The unlawful calls placed to Plaintiff are part of Defendant's pattern of practice of calling consumers on their cellular telephones using an ATDS who have no direct relationship with Defendant, and are not the proper subjects of Defendant's calls.

8.      Defendant placed these calls using an automatic telephone dialing system ("ATDS").

9.     Defendant conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent using an ATDS, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

10.     Plaintiff's situation is not unique because when placing these calls to consumers, Defendant fails to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls, and routinely makes calls to consumers who are not the intended recipients of the calls.

11.     Online consumer complaints regarding Defendant's unsolicited telemarketing robocalls from these same numbers are legion:

- Yes I just did. Didn't leave a message. Must be spam.[1]
- same old useless junk calls[2]
- OUR NUMBER HAS BEEN ON THE DO NOT CALL LIST FOR YEARS SO WHY ARE WE RECEIVING THESE ANNOYING CALLS.[3]
- Missed call. Caller ID states: ~rDisp4. No voicemail left. One search turned up Sirius customer service attempting to renew trial service. Do not have Sirius with my vehicle. [4]
- Do-Not-Call violation [5]
- Either [Sirius] or someone pretending to be them. If it is them they really can't take no as an answer.[6]
- I get a call from this number every week for the past two months. I've answered once, and they say they are calling from Sirius XM radio.[7]
- I have gotten a call from this number almost every week for the last month. I won't answer the phone if I don't recognize the number so I don't know who it's

---

[1] https://800notes.com/Phone.aspx/1-201-335-1933
[2] https://www.shouldianswer.com/phone-number/2013351933
[3] https://www.callercenter.com/201-335-1933.html
[4] https://reverd.com/blog/1-201-335-1933
[5] *Id.*
[6] https://www.shouldianswer.com/phone-number/2013351565
[7] https://www.reportedcalls.com/2013351565

from and they never leave a message.[8]

- This is Sirius XM trying to sell me a radio package for my car. Don't want it.[9]

- This number calls my phone multiple times per day and never leaves a message.[10]

- This is a robocall from SiriusXM[11]

- This number calls daily & never leaves a message. Receive at least 2 calls a day. Morning & evening. When I block their number, they use another number from another state. Even Missouri.[12]

- This number calls daily & never leaves a message.[13]

- Received several calls from this number.[14]

- Sirius XM. Cold calling to subscribe. I already have subscription. Offered option to be placed on no call list, but when you press the key, it transfers to another sales department.[15]

- This telemarketer from Mahway NJ needs to be reported for robocalls. They are a nuisance and use several numbers to harass people, all from Mahway NJ[16]

- Phone rang 4 times. Picked up but said nothing for 6 to 8 seconds. Said hello just as connection was being terminated. Obvious robocall.[17]

- Receiving several calls for weeks. Block number and they call back next day with a new number.[18]

- I don't know what kind of call it is. It goes to voice mail and hangs up. MAHWAH NJ is the town from which it comes and uses a different number every day. I've received a call every morning for the past four or five days. I've blocked each number but they come back with a new number the next day.[19]

- (201) 335-1681 also uses a new number every day. All calls come from MAHWAH NJ. Have blocked all those numbers every day for the past four days. They call in the morning and wake me up.[20]

- Did not recognize number but have been receiving calls for weeks from the same AC and have blocked all of the numbers they use.[21]

---

[8] *Id.*
[9] https://lookup.robokiller.com/p/201-335-1565
[10] https://800notes.com/Phone.aspx/1-201-335-1640
[11] *Id.*
[12] https://www.reportedcalls.com/2013351640
[13] *Id.*
[14] *Id.*
[15] https://whocallsme.com/Phone-Number.aspx/2013351640
[16] https://800notes.com/Phone.aspx/1-201-335-1643
[17] https://www.shouldianswer.com/phone-number/2013351681
[18] https://www.reportedcalls.com/2013351681
[19] *Id.*
[20] *Id.*
[21] *Id.*

12.     At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

13.     Defendant knowingly made (and continues to make) solicitation calls to cellular telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

14.     By making these calls, Defendant knowingly caused Plaintiff and the members of the Class actual harm and cognizable legal injury.  This includes but is not limited to the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, the consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

15.     Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an ATDS without their prior express written consent within the meaning of the TCPA.

## PARTIES

16.     Plaintiff James Mueller is, and at all times mentioned herein was, a resident of Sioux Falls, South Dakota and a citizen of the State of South Dakota.

17.     Sirius XM Radio Inc. is a New York corporation with its principal place of business at 1221 Avenue of the Americas, New York, NY 10020.  Defendant is a leading audio entertainment company in the U.S., providing satellite and internet radio subscription services.

18.     Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

19.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

20.     This Court has personal jurisdiction over Defendant because Defendant's Principal place of business is in this district.

21.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants transact significant business within this District, a substantial part of the events giving rise to Plaintiffs' claims took place within this District and Defendant is headquartered in this District.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

23.     Plaintiff proposes the following Autodialer Class definition:

All individuals in the United States who received one or more calls on their cellular telephones from Defendant..

24.     Collectively, all these persons will be referred to as the "Class."  Plaintiff represents, and is a member of, the Class.  Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge

and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

25.     Plaintiff also proposes the following National Do Not Call Class definition:

All individuals registered on the National Do Not Call Registry whom Defendant called more than one time in a 12-month period on their cellular or landline phone where each call was made more than 30 days after registration.

Collectively, all these persons will be referred to as the "National Do Not Call Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the National Do Not Call Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

26.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes, based on the scale of Defendant's business, that the classes are so numerous that individual joinder would be impracticable.

27.     Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

28.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

29.     The proposed Class can be identified easily through records maintained by Defendant.

30.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the Class's claims predominate over questions

which may affect individual members of the proposed Class.  Those common question of law and fact include, but are not limited to, the following:

> a.    Whether Defendant made telephone calls to Plaintiff and class members using an automated telephone dialing system without their prior express written consent;
>
> b.    Whether Defendant made telephone calls to class members on the national do not call registry
>
> c.    Whether Defendant's conduct was knowing and/or willful;
>
> d.    Whether Defendant is liable for damages, and the amount of such damages, and
>
> e.    Whether Defendant should be enjoined from engaging in such conduct in the future.

31.    As a person who received numerous and repeated calls on their telephone using an automatic telephone dialing system without their prior express written consent, and despite the fact that he is on the National Do Not Call Registry, Plaintiff asserts claims that are typical of each member of the classes.

32.    Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

33.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

34.    A class action is the superior method for the fair and efficient adjudication of this controversy.

35.    Class wide relief is essential to compel Defendant to comply with the TCPA.

36.     The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

37.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

38.     Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

39.     Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, *et seq*.**

40.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

42.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the proposed Class are entitled to treble damages of up to

$1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

43.    Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

44.    Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, *et seq.*

45.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

46.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

47.    As a result of Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.    Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

49.    Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

a.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b.   As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.   As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d.   An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

f.   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  November 6, 2020                  Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: ___/s/ Joshua D. Arisohn_____

Joshua D. Arisohn
888 Seventh Avenue
New York, NY  10019
Telephone: 646-837-7150
Facsimile:  (212) 989-9163
E-Mail: jarisohn@bursor.com
            mgirardi@bursor.com

*Attorney for Plaintiff*